**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DIRECTV, INC.,**

                **Plaintiff,**

**-vs-**                                                **Case No. 6:04-cv-1505-Orl-28JGG**

**PAULA MULLANEY,**

                **Defendant.**

_____

**AMENDED REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** **PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS (Docket No. 21 )**
>
> **FILED:** **June 9, 2005**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.     Background**

Plaintiff, Directv, Inc. ["Directv"], filed the instant action on October 12, 2004, alleging that the Defendant, Paula Mullaney ["Mullaney"], had engaged in the unlawful manufacturing, distribution, and sale of illegal devices intended to permit viewing of Directv's satellite television programming without authorization or payment to Directv. Docket No. 1 at 1. The Complaint alleged that Mullaney's actions violated, *inter alia*, the Federal Communications Act of 1964, as amended, 47 U.S.C. § 605. Docket No. 1 at 1. Mullaney failed to plead or otherwise defend herself in this

action, and on May 19, 2005, the Honorable John Antoon II granted Directv's motion for default judgment against Mullaney in the amount of $3,313.50. Docket No. 18. Directv now moves to recover its attorney's fees and costs pursuant to 47 U.S.C. § 605.

## II.     The Law

The Federal Communications Act provides that the court "shall direct the recovery of full costs, including reasonable attorneys' fees, to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). Historically, the federal courts have analyzed demands for attorneys' fees pursuant to *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974). *Johnson* set forth twelve factors to be considered in calculating a fee award.[1] The United States Court of Appeals for the Eleventh Circuit has consistently refined calculation of awards of attorneys' fees to comport with decisions of the United States Supreme Court. *Norman v. Housing Authority*, 836 F.2d 1292, 1299 (11th Cir. 1988). *Norman* adopted the lodestar approach for calculating attorneys' fees. The lodestar approach presumptively incorporates the twelve factors adopted in *Johnson*, 488 F.2d 714. *Norman*, 836 F.2d at 1298-99. The Eleventh Circuit applies the lodestar approach of *Norman* in determining a reasonable attorneys' fee. *See Camden I Condominium Assoc., Inc. v. Dunkle*, 946 F.2d 768, 772 (11th Cir. 1991); *see also Burlington v. Dague*, 505 U.S. 557, 562 (1992). Simply stated, the lodestar is the product of the number of reasonable hours expended and the reasonable hourly rate. *Burlington*

---

[1] Those twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717 - 9.

v. Dague*, 505 U.S. 557, 559-60 (1992) citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).

The lodestar approach also governs the attorneys' fees analysis under fee-shifting statutes. *City of Burlington v. Dague*, 505 U.S. 557, 561-62 (1992) (lodestar figure has become the guiding light of our fee-shifting jurisprudence). This Court therefore applies the *Norman* lodestar approach in determining the parties' request for attorneys' fees.

    **A.**     **Reasonable Hourly Rate**

The Court must first determine the reasonable hourly rate. *Duckworth v. Whisenant*, 97 F.3d 1393 (11th Cir. 1996); *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994); *Norman v. Housing Authority*, 836 F.2d 1292, 1299 (11th Cir. 1988). The reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services provided by lawyers of reasonably comparable skills, experience, and reputation. *Norman*, 836 F.2d at 1299. The party seeking attorneys' fees bears the burden of producing "satisfactory evidence that the requested rate is in line with prevailing market rates," which normally requires "more than the affidavit of the attorney performing the work." *Loranger*, 10 F.3d at 781, citing *Norman*, 836 F.2d at 1299. The court may consider direct evidence of rates for similar services or opinion evidence about rates. *Norman*, 836 F.2d at 1299.

The Eleventh Circuit looks to skill as the ultimate determinate of compensation level because experience and reputation are a mirror image of skill. *Norman*, 836 F.2d at 1300. Skill is evidenced by an attorneys' initial case assessment, continuing negotiation and settlement attempts, persuasiveness, and other fundamental aspects of organization and efficiency. *Norman*, 836 F.2d at 1300 - 1301. Organization means that counsel plans effective discovery devices and does not use

them randomly or for the mere purpose of going through established routines. Efficiency means doing exactly what needs to be done in a minimum time. *Norman*, 836 F.2d at 1301. Legal skill, therefore, correlates to a knowledge of both trial practice and substantive law. *Norman*, 836 F.2d at 1301. Although an attorney who must familiarize himself or herself with either aspect of practice may prove exemplary as an advocate, he or she does not have a right to claim comparable skill to attorneys whose first actions are directed at the finer points of the case. *Norman*, 836 F.2d at 1301. Proficiency should yield efficiency, and the district court has ample discretion to discount the import of counsel's expertise. *Varner v. Century Finance Company, Inc.*, 738 F.2d 1143, 1149 (11th Cir. 1984). No two attorneys possess the same skill, therefore the Court must look to the range provided by the evidence, and interpolate a reasonable market rate. *Norman*, 836 F.2d at 1300. In summary, the Court determines a reasonable rate by assessing the range of fees established in the marketplace, as modified by reference to an individual attorney's skill. *Norman*, 836 F.2d at 1301; *e.g., Duckworth*, 97 F.3d at 1396.

### B.  **Reasonable Hours Expended**

The second step in determining the lodestar is to assess the reasonable number of hours expended in the litigation. *Norman*, 836 F.2d at 1302. Inquiry into the reasonable number of hours focuses on the exercise of "billing judgment" — exclusion of those hours not reasonably billable to a client irrespective of counsel's skill, therefore the Court must deduct for redundant hours. *Norman*, 836 F.2d at 1301-02, citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). A court must not consider an attorney's skill at this stage as this would constitute a double penalty — the rate would first be decreased and the hours would then be lowered. *Norman*, 836 F.2d at 1301.

The fee applicant bears the burden of documenting the appropriate number of hours. *Norman*, 836 F.2d at 1303, citing *Hensley*, 461 U.S. at 437; *United States v. Blue Cross and Blue Shield of Florida, Inc.*, 882 F. Supp. 166, 170 (M.D. Fla. 1995). Generalized statements concerning reasonableness are of little or no assistance to the Court, instead proof of the hours dedicated to litigation and any corresponding objections must be made with sufficient specificity. *Duckworth*, 97 F.3d at 1397 - 98; *Norman*, 836 F.2d at 1301. Throughout the calculation of the lodestar, the Court remains cognizant that it is itself an expert on the question, and may consider the request in light of its own knowledge and experience with or without the aid of witnesses as to value or hours dedicated to litigation. *Loranger*, 10 F.3d at 781; *Norman*, 836 F.2d at 1303.

## III.     Application

Determination of a reasonable attorneys' fees award begins with the lodestar amount, which is calculated by multiplying the number of hours reasonably expended on a litigation times a reasonable hourly rate. Directv seeks to recover $3,355.00 in attorneys' fees incurred in litigating this suit (but not including fees incurred in preparing the instant motion). Docket No. 21 at 2. Directv also seeks to recover $310.00 in costs. Docket No. 21 at 2. In support, Directv submitted a "Fee Affidavit Report" listing and detailing the fees incurred in connection with the case. Docket No. 21, Exhibit A. Directv also submitted an affidavit of fees and costs from attorney Jeffrey W. Day [Docket No. 21, Exhibit B] and an affidavit of reasonable attorney's fees from attorney Steven Ruta [Docket No. 21, Exhibit C]. Day, one of the attorneys who litigated this case for Directv, described how his client sought only $3,355.00 of the $4,947.50 in fees it had incurred in this case, and that the $3,355.00 figure comprised 13.3 hours of attorney time at a rate of $175.00 an hour and 13.7 hours of paralegal

time at $75.00 per hour. Docket No. 21, Exhibit B at 1 - 2. Ruta opined that the number of hours and the rates charged were both reasonable. Docket No. 21, Exhibit C at 2.

After reviewing the billing records and affidavits, this Court finds that the aforementioned billing rates are commensurate with the degree of skill as reflected in the record and fall within the usual range of fees in the Orlando Division. Further, the Court finds that the number of hours expended by the attorneys and the paralegal are reasonable for a case of this complexity. A review of the costs sought by Directv — $150.00 filing fee, and $160.00 for service of process on Mullaney, Docket No. 21, Exhibit A at 7 — demonstrates that they are also reasonable.

The lodestar is the product of the number of reasonable hours expended and the reasonable hourly rates. As both the hours expended and the rates charged are reasonable in this matter, the Court should award Directv the entire $3,355.00 sought in its motion for attorney and paralegal fees, as well as the $310.00 it seeks in costs, for a total award of $3,665.00.

**D.     Conclusion**

For the reasons set forth above, it is **RECOMMENDED** that Directv's Motion for Attorney's Fees and Costs [Docket No. 21] be **GRANTED**. It is

**FURTHER RECOMMENDED** that Directv be awarded $3,355.00 in attorneys' fees and $310.00 in costs [total of $3,665.00] as a prevailing aggrieved party pursuant to 47 U.S.C. § 605(e)(3)(B)(iii).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking

the factual findings on appeal.

Recommended in Orlando, Florida on June 29, 2005.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy